Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for CTJ Investment Group LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>JUSTIN THORNTON<br><br>Debtor. | Case No. 26-460-ELG<br>(Chapter 7) |
| CTJ INVESTMENT GROUP,<br><br>Movant,<br><br>v.<br><br>JUSTIN THORNTON<br><br>Respondent. | |

**MOTION FOR RELIEF FROM STAY**

Comes now CTJ Investment Group L.L.C. ("CTJ"), by and through undersigned counsel, pursuant to section 362(d)(2) of title 11 of the United States Code, Federal Rule of Bankruptcy Procedure 4001, and Local Rule 4001-1, and moves this Honorable Court for relief from the automatic stay, to foreclose upon that certain parcel of real property commonly known as 1207 I Street, NE, Washington, D.C. 20002 alongside any and all improvements thereupon (collectively, the "Property"), and in support thereof states as follows:

## I. Introduction

This is a simple motion premised upon a stunningly deep lack of equity in a real property asset. Justin Thornton ("Mr. Thornton" or the "Debtor") has valued the Property at $681,000.00—a sum that would leave CTJ undersecured, and thereby meritorious of stay relief, even if CTJ were the only party with a lien on the asset. Breathtakingly, however, CTJ is one of three secured lenders asserting an undisputed lien on the premises, and it appears CTJ may be in third position.

The chapter 7 process is not going to resolve CTJ's interest in the Property; relief from the automatic stay, however, will do so. And based on the basic absence of equity in the asset, alongside those other good and meritorious reasons set forth *infra*, such relief is instantly appropriate.

## II. Standard

Title 11 of the United States Code (the "Bankruptcy Code") provides that a court "shall grant relief from the stay," 11 U.S.C. § 362(d), when, *inter alia*, "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization," 11 U.S.C. § 362(d)(2).

"Equity," for purposes of this subsection, "is a function of the value of the collateral and the total of the liens against it. . ." *Drake v. Franklin Equip. Co. (In re Franklin Equip. Co.)*, 416 B.R. 483, 523 (Bankr. E.D. Va. 2009) (quoting *In re Colonial Ctr.*, 156 B.R. 452, 460 (Bankr. E.D. Pa. 1993)).

Further, "[o]nce the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is 'necessary to an effective reorganization.'" *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375 (1988) (emphasis in original).

### III. Argument: Stay Relief is Appropriate Under 11 U.S.C. § 362(d)(2)

Taking the Debtor's schedules at face value—for the sole purpose of this motion—the equity analysis underlying section 362(d)(2) is not particularly difficult. Mr. Thornton acknowledges CTJ to be due $1,354,000.00. *See* Schedule D, ECF No. 1, at p. 21. Mr. Thornton also acknowledges the Property to be worth a scant $681,000.00. *Id.* Even without resolving whether CTJ is junior—or senior—to the other two lenders whose claims are secured by the Property, *see id.* at pp. 21-22, there is a manifest lack of equity in the Property.

Moreover, the Property is plainly not necessary to an effective reorganization since this is a chapter 7 case in which Mr. Thornton does not so much as feign to reorganize his affairs. *See, e.g.*, *In re Miller*, 55 B.R. 49, 51 (Bankr. D.D.C. 1985) ("No reorganization is possible in a Chapter 7 case. So long as this case remains in Chapter 7, therefore, the Debtor will remain unable to rely upon section 362(d)(2)(B) in defense of lienors' lift-stay motions.") (Bason, J.) (cleaned up); *In re Parker*, 2016 Bankr. LEXIS 2983, at *2 (Bankr. D.D.C. Aug. 14, 2016) ("Because the case is a chapter 7 case, a non-reorganization chapter, the property is not necessary for an effective reorganization. It follows that relief from the automatic stay was mandatory under 11 U.S.C. § 362(d)(2) because there is no equity in the property and it is not necessary for an effective reorganization.") (Teel, J.); *In re St Francis of Assisi Cat Rescue, Inc.*, 2011 Bankr. LEXIS 2875, at *9 (Bankr. D. Md. July 21, 2011) ("The Debtor has no equity in the Property and it is not necessary for an effective reorganization in this Chapter 7 case.") (Catliota, J.); *Drake v. Franklin Equip. Co. (In re Franklin Equip. Co.)*, 416 B.R. 483, 522 (Bankr. E.D. Va. 2009) ("Further, because this is a Chapter 7 liquidation case, the Court need not reach the second prong of § 362(d)(2), as 'there can be no question that the property is not necessary for an effective reorganization.'") (St. John, J.) (quoting *In re Roxrun Estates, Inc.*,74 B.R. 997, 1003 (Bankr.

S.D.N.Y. 1987)); *Simpson v. SunTrust Mortg., Inc. (In re Hurst)*, 409 B.R. 79, 82 (Bankr. D. Md. 2009) ("In a Chapter 7 liquidation case, a secured creditor need only prove that the debtor lacks equity in the property in order to obtain relief from the stay.") (Schneider, J.); *Wachovia Bank, N.A. v. Seon Deok Kim (In re Seon Deok Kim)*, 2008 Bankr. LEXIS 50, at *6 (Bankr. E.D. Va. Jan. 3, 2008) (". . . the debtor has no equity in the property, having sold it more than two years prior to the bankruptcy, and the property is not necessary to an effective reorganization, since this is a chapter 7 liquidation case, not a reorganization case.") (Mitchell, J.); *In re McCrimmon*, 536 B.R. 374, 382 (Bankr. D. Md. 2015) ("There was no equity in the Property, it was not necessary for an effective reorganization because the Debtor was in a Chapter 7 case, the Property was vacant, and the Debtor's stated intent at the outset of the case was to surrender the Property.") (Rice, J.).

For purposes of Local Rule 4001-1(b), CTJ respectfully submits as follows:

1. The debt owed is $1,519,369.86 as of October 22, 2026. However, for the limited purposes of this motion, and in the interests of avoiding any dispute, CTJ is amenable to seeking relief based upon the sum attributed by the Debtor on Schedule D: $1,354,000.00.

2. The full principal sum came due pre-petition when the promissory note matured on June 30, 2020. *See* Promissory Note, attached hereto as Exhibit A, at § 2(B).

3. The Property is the parcel encumbered, a more detailed description of which is set forth in the deed of trust appended hereto as Exhibit B.

4. The security interest underlying this motion is a validly-recorded deed of trust, *see* Exhibit B, alongside a judgment lien acknowledged in the Debtor's schedules, *see* Schedule D, ECF No. 1, at p. 21.

5. This motion seeks relief under section 362(d)(2) of title 11 of the United States Code, with the basis for such relief being discussed *passim*.

6. CTJ does not take a position as to the value of the Property other than to posit, for the sole purpose of this motion, that it accepts the Debtor's valuation. *See* Schedule A/B, ECF No. 1, at p. 10.

7. The specific relief being requested is relief from the automatic stay for purposes of conduction a foreclosure of the Property.

## IV. Conclusion

WHEREFORE, CTJ Investment Group L.L.C. respectfully prays this Honorable Court (i) grant CTJ Investment Group L.L.C. relief from the Automatic Stay so as to proceed with foreclosure of the Property; (ii) permit CTJ Investment Group L.L.C. to retain the proceeds of a foreclosure auction, without accounting to this Honorable Court for the same, so long as such proceeds not exceed the sum of the Debtor's obligation to CTJ Investment Group L.L.C.; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: November 14, 2026

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for CTJ Investment Group L.L.C.*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of November, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

I FURTHER CERTIFY that a copy of this motion—alongside the notice filed herewith—is being served upon (i) Justin Fasano, Esq., via CM/ECF (on November 14, 2026); (ii) the chapter 7 trustee, via CM/ECF (on November 14, 2026); and (iii) Justin Thornton, 1717 Corcoran Street, NW, Washington, DC 20009, via US Mail, postage prepaid (on November 16, 2026).

/s/ Maurice B. VerStandig
Maurice B. VerStandig