**COMMERCIAL PROMISSORY NOTE**
**(this "Note")**

**$600,000.00** **February 12, 2020**

FOR VALUE RECEIVED, **JUSTIN THORNTON**, and **JENNIFER CASTILLO**, **THORNTON DEVELOPMENT LLC**, a Maryland limited liability company, and **1719 CORCORAN LIMITED LIABILITY COMPANY** a/k/a 1719 Corcoran, LLC, a D.C. limited liability company (collectively "Borrower"), hereby jointly and severally promise to pay to the order of **CTJ INVESTMENT GROUP L.L.C.**, a D.C. limited liability company ("Lender"), the principal sum of **Six Hundred Thousand Dollars ($600,000.00)** ("**Loan**") at the place and in the manner hereinafter provided, together with interest thereon at the rate or rates described below, and any and all other amounts which may be due and payable hereunder from time to time.

1. Interest.

Interest on the outstanding indebtedness evidenced by this Note shall be calculated at the rate of eight percent (8.0000%) per annum, from the date of this Note, until this Note has been paid in full.

2. Payments and Extension of Maturity Date.

A. If not sooner paid, the entire principal balance of the Note, together with all accrued and unpaid interest, and all other amounts due under this Note, shall be due and payable on December 31, 2020 ("Maturity Date"), time being of the essence.

B. Borrower agrees that this Note shall be as follows: A payment of One Hundred Thousand Dollars ($100,000.00) shall be due on June 30, 2020 (the "First Payment Date"), with the balance due, together with all accrued and unpaid interest, and all other amounts due under this Note on the Maturity Date, time being of the essence.

C. All payments of principal and/or interest hereon shall be payable in lawful money of the United States and in immediately available funds. All payments received hereon shall be applied, at the Lender's option, first to late charges, if any, then to cost and expenses, if any, then to accrued but unpaid interest and then to principal. All payments hereunder shall be made without offset, demand, counterclaim, deduction, abatement, defense, or recoupment, each of which Borrower hereby waives.

3. Voluntary and Involuntary Prepayments. **Intentionally Deleted.**

4. Late Charges. In the event that any payment of principal and/or interest is not actually received by the holder hereof by the 3rd day after such payment is due, the Borrower agrees to pay a late charge of the greater of: (i) 10% of the amount of the late payment; or (ii) Fifty Dollars ($50.00).

5. Events of Default. Any one or more of the following shall constitute an "Event of Default" hereunder: (i) if default be made in the payment of any installment due hereunder; or (ii) if a default shall occur in the performance or observance beyond any applicable grace period (if any) of any other term, covenant or agreement set forth in this Note; or (iii) any default under the Deed of Trust securing this Note, and any amendments or modifications thereto; or (iv) if a default shall occur in the payment or performance of any other indebtedness, obligation and liability of any kind and nature of the Borrower to the Lender, whether now existing or hereafter created or arising, direct or indirect, matured or unmatured, and whether absolute or contingent, joint, several or joint and several and howsoever owned, held or acquired, and such default shall continue beyond any applicable grace or cure period, including but not limited to that certain Membership Assignment Interest among the parties and/or their principals; or (v) if a default shall occur in the payment or performance of any other indebtedness, obligation and liability of any kind and nature of any guarantor (or any affiliate of such guarantors) of this Note to the Lender, whether now existing or hereafter created or arising, direct or indirect, matured or unmatured, and whether absolute or contingent, joint, several or joint and several and howsoever owned, held or acquired, and such default shall continue beyond any applicable grace or cure period. Upon any such Event of Default, the entire principal balance hereof, all accrued and unpaid interest thereon, and all other applicable fees, costs and charges, if any, shall at once become due and payable at the option of the Lender. Failure to exercise this option shall not constitute a waiver of the right to the later exercise thereof or to exercise the same in the event of any subsequent Event of Default.

6. Default Interest. Notwithstanding the entry of any decree, order, judgment or other judicial action under, pursuant to, in connection with, or otherwise concerning this Note, upon the occurrence of an Event of Default hereunder and continuance thereof beyond any applicable grace periods and/or after the maturity of this Note (whether by acceleration, declaration, extension or otherwise), the Borrower promises to pay to the Lender whenever demanded by the Lender interest on this Note and all other amounts then and thereafter due and payable hereunder at a rate of interest (the **"Default Rate"**) equal at all times to the lesser of (i) Twenty-four percent (24%) per annum, or (ii) the highest rate allowable by law from the date of such Event of Default for so long as such Event of Default continues, from the date of such maturity until payment in full of the unpaid principal balance of this Note, all accrued and unpaid interest thereon and any and all other amounts due or payable hereunder.

7. Waiver of Notice. Each party liable hereon in any capacity, whether as maker, endorser, surety, guarantor or otherwise, (i) waives presentment, demand, protest and notice of presentment, notice of protest and notice of dishonor of this debt and each and every other notice of any kind respecting this Note (except as otherwise expressly provided for herein), (ii) agrees that the holder hereof, at any time or times, without notice to it or its consent, may grant extensions of time, without limit as to the number or the aggregate period of such extensions, for the payment of any principal and/or interest due hereon, and (iii) to the extent not prohibited by law, waives the benefit of any law or rule of law intended for its advantage or protection as an obligor hereunder or providing for its release or discharge from liability hereon, in whole or in part, on account of any facts or circumstances other than full and complete payment of all amounts due hereunder.

8. Waiver of Jury Trial. **THE LENDER, THE BORROWER AND ANY OTHER PARTY LIABLE HEREON IN ANY CAPACITY, WHETHER AS ENDORSER, SURETY, GUARANTOR, OR OTHERWISE, EACH WAIVES TRIAL BY JURY WITH RESPECT TO ANY ACTION, CLAIM, SUIT OR PROCEEDING IN RESPECT OF OR ARISING OUT OF THE NOTE EVIDENCED HEREBY AND/OR THE CONDUCT OF THE RELATIONSHIP BETWEEN THE LENDER, BORROWER AND/OR ANY OTHER PARTY LIABLE HEREON IN ANY CAPACITY, WHETHER AS ENDORSER, SURETY, GUARANTOR, OR OTHERWISE. THIS WAIVER IS KNOWINGLY, WILLINGLY AND VOLUNTARILY MADE BY BORROWER, AND BORROWER HEREBY REPRESENTS THAT NO ORAL OR WRITTEN STATEMENTS HAVE BEEN MADE BY ANY PARTY TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO IN ANY WAY MODIFY OR NULLIFY ITS STATED EFFECT. BORROWER FURTHER REPRESENTS THAT IT HAS BEEN REPRESENTED BY INDEPENDENT COUNSEL OF ITS CHOICE IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER AND THAT IT HAS HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH SUCH COUNSEL.**

9. Cost of Collection. The Borrower promises to pay all costs and expenses incurred in connection with collection hereof or in the protection or realization of any collateral now or hereafter given as security for the repayment hereof, including attorneys' fees, upon the occurrence of an Event of Default in the payment of the principal of this Note or interest hereon when due, whether at maturity, as herein provided, or by reason of acceleration of maturity under the terms hereof, whether suit be brought or not.

10. Lender's Rights and Remedies. The failure of the Lender to exercise any option granted to it hereunder in any one or more instances, or the acceptance by the Lender of partial payments or partial performance, shall not constitute a waiver of any such Event of Default, but such options shall remain continuously in force. The rights, remedies and powers of the Lender, as provided in this Note, are cumulative and concurrent, and may be pursued singly, successively, or together against the Borrower, the Property, and/or any other security given at any time to secure the payment hereof, all at the sole discretion of the Lender.

11. Lawful Interest. Notwithstanding anything to the contrary contained herein, the effective rate of interest on the obligation evidenced by this Note shall not exceed the lawful maximum rate of interest permitted to be paid. Without limiting the generality of the foregoing, in the event the interest charged hereunder results in an effective rate of interest higher than that lawfully permitted to be paid, then such charges shall be reduced by the sum sufficient to result in an effective rate of interest permitted by law and any amount which would exceed the highest lawful rate already received and held by the Lender shall be applied to a reduction of principal and not to the payment of interest.

12. Partial Invalidity. In the event any one or more of the provisions contained in this Note shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Note, but this Note shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

13. Entire Agreement. This Note may not be changed orally, but only by an agreement in writing signed by the parties against whom enforcement of any waiver, change, modification or discharge is sought.

14. **BUSINESS PURPOSE.** The Borrower warrants and represents that this Note is being made for business or commercial purposes only, and expressly is **NOT** for personal, family or household purposes. Specifically, Borrower acknowledges that the Note represents the outstanding balance of a loan securing the respective obligations by Thornton Development LLC and 1719 Corcoran Limited Liability Company (the "Company Loan") under that certain Deed of Trust dated May 31, 2017, and recorded at Document Number 2017118274, including additional advances by Lender to protect its interest thereon, and obligations under that certain Membership Assignment Agreement by Borrowers, Lender and Eric Allen. In consideration for receiving this Note, Lender has agreed, inter alia, to accept a reduced payoff payment. Notwithstanding the foregoing, nothing here shall constitute a merger of the obligations of the parties under that certain Membership Assignment Agreement made contemporaneously herewith.

15. Governing Law. This Note shall be governed in all respects by the laws of the State of Maryland and shall be binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal representatives, successors and assigns. The Borrower hereby consents to be sued in an appropriate court in the State of Maryland in any action to enforce the provisions of this Note. The Borrower waives any objection to the venue of any action filed by Lender against Borrower in any state or federal court in the State of Maryland and waives any claim of forum non conveniens or for transfer of any such action to any other court.

16. Cross-Default. A default in any other agreement between the Borrower and the Lender, simultaneously or hereafter entered into, and whether or not related to this Note, which default continues beyond any applicable grace or cure period, if any, shall constitute a default hereunder.

17. Notice. Any notices, demands, requests, communications and waivers under this Note shall be in writing and shall be (i) delivered in person, (ii) mailed, postage prepaid, either by registered or certified mail, return receipt requested, (iii) by overnight express carrier, addressed in each case as follows, or (iv) by confirmed facsimile transmission, so long as a duplicate copy of such notice is also sent by one of the other permitted forms of delivery:

if to Lender:
CTJ Investment Group, L.L.C.
700 12th Street NW
Suite 700
Washington, D.C. 20005

if to Borrower:
Justin Thornton
1106 Oates Street, N.E.
Washington, D.C. 20002

Jennifer Castillo
1106 Oates Street, N.E.
Washington, D.C. 20002

Thornton Development LLC
1207 I Street, NE
Washington, D.C, 20002

1719 Corcoran Limited Liability Company
1207 I Street, NE
Washington, D.C, 20002

or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other party hereto. All notices sent pursuant to the terms of this Section shall be deemed received (i) if personally delivered, then on the date of delivery or refusal to accept delivery, (ii) if sent by overnight, express carrier, then on the next federal banking day immediately following the day sent, or (iii) if sent by registered or certified mail, then on the earlier of the third federal banking day following the day sent or when actually received.

18. <u>Confession of Judgment</u>. **UPON THE OCCURRENCE OF ANY DEFAULT BY BORROWER ON ANY OF ITS OBLIGATIONS TO LENDER, THE BORROWER AUTHORIZES ANY ATTORNEY ADMITTED TO PRACTICE BEFORE ANY COURT OF RECORD IN THE UNITED STATES TO APPEAR ON BEHALF OF THE BORROWER IN ANY COURT HAVING JURISDICTION IN ONE OR MORE PROCEEDINGS, OR BEFORE ANY CLERK THEREOF OR PROTHONOTARY OR OTHER COURT OFFICIAL, AND TO CONFESS JUDGMENT AGAINST THE BORROWER, WITHOUT PRIOR NOTICE OR OPPORTUNITY OF THE BORROWER FOR PRIOR HEARING, IN FAVOR OF LENDER FOR THE FULL AMOUNT DUE UNDER THIS PROMISSORY NOTE PLUS COURT COSTS AND ATTORNEYS' FEES OF FIFTEEN PERCENT OF THE TOTAL AMOUNT THEN DUE HEREUNDER. THE BORROWER WAIVES THE BENEFIT OF ANY AND EVERY STATUTE, ORDINANCE OR RULE OF COURT WHICH MAY BE LAWFULLY WAIVED CONFERRING UPON THE BORROWER ANY RIGHT OR PRIVILEGE OF EXEMPTION, HOMESTEAD RIGHTS, APPEAL, STAY OF EXECUTION OR SUPPLEMENTARY PROCEEDINGS, INQUISITION, EXTENSION UPON ANY LEVY ON REAL ESTATE OR PERSONAL PROPERTY, AND ANY OTHER RELIEF FROM THE ENFORCEMENT OR IMMEDIATE ENFORCEMENT OF A JUDGMENT OR RELATED PROCEEDINGS ON A JUDGMENT. THE AUTHORITY AND POWER TO APPEAR FOR AND ENTER JUDGMENT AGAINST THE BORROWER SHALL NOT BE EXHAUSTED BY ONE OR MORE EXERCISES THEREOF, OR BY ANY IMPERFECT EXERCISE THEREOF, AND SHALL NOT BE EXTINGUISHED BY ANY JUDGMENT ENTERED PURSUANT THERETO; SUCH AUTHORITY AND POWER MAY BE EXERCISED ON ONE OR MORE OCCASIONS FROM TIME TO TIME, IN THE SAME OR DIFFERENT JURISDICTIONS, AS OFTEN AS LENDER SHALL DEEM NECESSARY OR ADVISABLE, FOR ALL OF WHICH THIS PROMISSORY NOTE SHALL BE SUFFICIENT AUTHORITY.**

**IN WITNESS WHEREOF**, the Borrower has executed and delivered this Note as of the day and year first above written.

**BORROWER**:

_______________________________ (SEAL)
Jennifer Castillo, individually

District of Columbia

Before me, the undersigned, a Notary Public in and for the aforesaid jurisdiction, on the 10th day of February, 2020, personally appeared Jennifer Castillo, to me known personally, and who, being by me duly sworn, deposes and says that said instrument was signed by her, and she has acknowledged said instrument to be her free act and deed.

IN WITNESS WHEREOF I hereunto set my hand and official seal.

_______________________________
Notary Public

My Commission Expires:

SHAUN MARBLE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 14, 2023

SHAUN MARBLE NOTARY PUBLIC DISTRICT OF COLUMBIA

*[Continuation of Signature Page to Commercial Promissory Note]*

**BORROWER:**

_________________________________ (SEAL)
Justin Thornton, individually

**BORROWER:**

**1719 Corcoran Limited Liability Company**, a D.C. limited liability company

By:______________________________ (SEAL)
Justin Thornton, Manager/Authorized Member

**BORROWER:**

**Thornton Development LLC**, a Maryland limited liability company

By:______________________________ (SEAL)
Justin Thornton, Manager/Authorized Member

District of Columbia

Before me, the undersigned, a Notary Public in and for the aforesaid jurisdiction, on the 10th day of February, 2020, personally appeared Justin Thornton, to me known personally or satisfactorily proved, and who, being by me duly sworn, deposes and says that said instrument was signed by him, individually and on behalf of 1719 Corcoran Limited Liability Company, and THORNTON DEVELOPMENT LLC, and he has acknowledged said instrument to be his/its free act and deed.

IN WITNESS WHEREOF I hereunto set my hand and official seal.

_________________________________
Notary Public

My Commission Expires:

SHAUN MARBLE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires March 14, 2023

SHAUN MARBLE NOTARY PUBLIC DISTRICT OF COLUMBIA